UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| LOIS A. BEAUSOLEIL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:25-cv-01237 (UNA) |
| | ) | |
| DONALD J. TRUMP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court grants the *in forma pauperis* application, and as explained in more detail below, dismisses this case without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" if it determines that the subject matter jurisdiction is wanting).

Plaintiff, a resident of Massachusetts, sues the President and Vice President of the United States. Compl. at 1–2. She contends that defendants have "undermined the constitutional order" and that they have "engaged in actions incompatible with holding public office." *Id.* at 6. She "seeks declaratory and injunctive relief . . . for their actions related to the January 6, 2021 insurrection at the United States Capitol and their ongoing support for antidemocratic actions, undermining the rule of law." *Id.* More specifically, she demands an order enjoining defendants from holding public office, declaring defendants' alleged actions unconstitutional, and compelling defendants to acknowledge same. *See id.* at 7.

Accepting all of the allegations as true at this stage as obligated, *see Ashcroft v. Iqbal*, 556 U.S. 662, 669 (2009), plaintiff has nonetheless failed to establish standing in this matter. Article

III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part[.]" *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that she has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision. *Id.* at 560–61 (alterations, internal quotation marks, and citations omitted). As here, "a defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Plaintiff does not allege a redressable injury that is particularized to herself. The complaint lacks any factual allegations showing that she sustained, or is likely to sustain, any direct injury as a result of these past events, which as pleaded, did not involve her personally. She attempts to bring this matter as a "citizen of the United States" and participant in the "democratic system." *See* Compl. at 6. But "a plaintiff raising only a generally available grievance about" the government or its officials, "claiming only harm to h[ers] and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits h[er] than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) (finding that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction."). Where, as here, a "[p]laintiff's stake is no greater and h[er] status no more differentiated than that of millions

of other voters[,] . . . h[er] harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d 509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009), *cert. denied*, 555 U.S. 1126 (2009).

Furthermore, the President and Vice President's "qualifications [may] be tested, but they do not include direct involvement by the judiciary[,]" which would constitute a violation of the separation of powers. *See Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1377 (M.D. Ga. 2009) (dismissing the plaintiff's challenges to the U.S. President's eligibility for office for lack of standing, as a general grievance and as frivolous for lack of legal basis), *aff'd*, 368 Fed. Appx. 949 (11th Cir. 2010) (per curiam), *cert. denied*, 562 U.S. 1137 (2011). Put differently, impeachment is the "mechanism" for such a challenge, but "that mechanism does not involve the judiciary." *See id*. (citing Art. I, § 3, cl. 6.).

Consequently, for all these reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

Date: June 26, 2025

_____/s/_____
AMIT P. MEHTA
United States District Judge